IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN P. FAHEY, AS RECEIVER FOR AGRIDIME, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>TAYLOR BANG, SAM BROOKS, GLENN MURRAY, REID SCHATZMAN, AND JUSTIN WILLIAMS,<br><br>  Defendants. | Case No. 4:25-CV-1394<br><br>Judge Mark Pittman |

**DEFENDANT REID SCHATZMAN'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, Reid Schatzman ("Schatzman"), files this Original Answer to the Original Complaint ("Complaint") filed by Plaintiff Stephen P. Fahey, as Receiver for Agridime, LLC ("Plaintiff") and would respectfully show the Court as follows:

**I.
GENERAL DENIAL**

1. Subject to and without waiving any affirmative defenses or other matters pled herein, Schatzman generally denies each and every, all and singular, the material allegations contained in Plaintiff's Complaint and demands strict proof thereof as required by the Federal Rules of Civil Procedure.

**II.
SPECIFIC RESPONSES**

2. Schatzman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Section I (Notice of Related Case) and therefore denies same.

3. Regarding the allegations contained in Section II (Overview), including paragraphs 1 through 4, Schatzman admits only that Agridime, LLC ("Agridime") contracted with him to sell and promote all services provided by Agridime in exchange for a commission. Schatzman denies the remaining allegations contained in Section II, and specifically denies any allegation that he is liable to Plaintiff for any amount.

4. As to the allegations contained in Section III (Parties), including paragraphs 5 through 10, Schatzman admits only that Plaintiff purports to sue him by name and otherwise denies all remaining allegations.

5. Schatzman denies the allegations contained in Section IV (Jurisdiction and Venue), including paragraphs 11 through 13, and specifically denies any allegation that jurisdiction or venue is proper as to him beyond what is required by law. To the extent Plaintiff asserts jurisdiction and venue are proper pursuant to the terms of a Sales Representative Agreement, Schatzman states such document speaks for itself and requires no interpretation by him.

6. Schatzman denies the allegations contained in Section V (Background Facts), including paragraphs 14 through 25.

7. Schatzman denies the allegations contained in Section VI (Causes of Action), including Count One (paragraphs 26 through 30), Count Two (paragraphs 31 through 35), and Count Three (paragraphs 36 through 40), and specifically denies that Plaintiff is entitled to any relief, damages, fees, interest, disgorgement, or equitable remedy from him.

8. Schatzman denies the allegations in Section VII (Conditions Precedent), including paragraph 41.

9. Schatzman denies the allegations contained in Section VIII (Attorneys' Fees and Expenses), including paragraph 42.

10.     Schatzman denies Plaintiff's Prayer for Relief in its entirety, including subparagraphs (a) through (g), and denies that Plaintiff is entitled to any relief whatsoever against him.

## III.
## AFFIRMATIVE DEFENSES

Without assuming any burden not imposed by law and expressly reserving the right to amend, add, or withdraw defenses as discovery progresses, Schatzman asserts the following affirmative and other defenses to Plaintiff's claims against him:

11.     Failure to State a Claim. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Schatzman.

12.     Schatzman generally pleads all defenses, offsets, lien rights, reductions and protections available to him under TEX. BUS. & COM. CODE § 24.009(a)-(f).

13.     Good Faith and For Value. To the extent any avoidable fraudulent transfer occurred, Schatzman received said transfer (s) in good faith and gave reasonably equivalent value and/or in received said transfer(s) exchange for value or new value provided, thus barring or limiting the Plaintiff's recovery.

14.     Lack of Standing/Authority. Plaintiff lacks standing or authority to assert some or all claims against Schatzman, or to seek some or all of the requested relief.

15.     Lack of Personal Jurisdiction and/or Improper Venue. The Court lacks personal jurisdiction over Schatzman and/or venue is improper; alternatively, the forum is inconvenient and this case should be transferred to a more convenient forum or dismissed without prejudice.

16.     Statute of Limitations/Repose. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or repose, including but not limited to limitations applicable to alleged fraudulent transfer or equitable claims.

17. Estoppel, Waiver, and Ratification. Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, ratification, acquiescence, unjust enrichment and related equitable doctrines.

18. Offset/Setoff and Recoupment. Any recovery by Plaintiff must be reduced or barred by credit, offset, setoff, and/or recoupment for amounts owed to Schatzman.

19. Failure of Tracing. Plaintiff cannot trace the alleged transfers to fraud proceeds or Receivership Assets, and any failure of tracing bars or limits recovery.

20. Unclean Hands. Plaintiff's equitable claims are barred by the doctrine of unclean hands.

21. Due Process and Punitive/Extra-Contractual Relief. The relief sought is punitive, unsupported by law, and violates due process and other constitutional protections.

22. No Joint and Several Liability. Schatzman is not jointly and severally liable with any other defendant; any liability, which is expressly denied, must be several and limited to proven amounts.

23. Mitigation. Plaintiff failed to mitigate alleged damages, which bars or reduces recovery.

24. Double Recovery. To the extent Plaintiff seeks duplicative recovery, any award must be limited to a single satisfaction.

25. Attorneys' Fees Not Recoverable. Plaintiff is not entitled to an award of his attorneys' fees under applicable law or facts.

26. Accord and Satisfaction/Payment. To the extent applicable, Plaintiff's claims are barred or reduced by payment, accord and satisfaction, discharge, release, or settlement.

27. Indemnification. Plaintiff's claims are barred, in whole or in part, to the extent that Agridime has agreed to indemnify and hold Schatzman harmless of and from any and all liability attributable to the negligent, intentional or other acts of Agridime or its employees.

28. Reservation of Rights. Schatzman reserves all rights to assert additional defenses, counterclaims, and third-party claims as appropriate upon further investigation and discovery.

## IV.
## JURY DEMAND

29. Schatzman demands a trial by jury on all issues so triable.

## V.
## RESERVATION OF RIGHTS

30. Schatzman reserves the right to alter, amend, add to or withdraw his affirmative defenses and responses to the allegations in the Complaint as discovery progresses in this case.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered, Defendant, Reid Schatzman, respectfully requests that the Plaintiff's Original Complaint be denied against him, that the Court enter judgment in Schatzman's favor on all of the Plaintiff's claims, that the Plaintiff take nothing by his claims and that all claims against Schatzman be dismissed with prejudice. Schatzman further requests that he be awarded his costs and reasonable attorneys' fees incurred in defending against the Trustee's claims in this action, including without limitation under TEX. BUS. & COM. CODE § 24.013, along with such other and further relief to which he may be justly entitled.

## COUNTERCLAIMS

For his Counterclaims against Plaintiff, Stephen P. Fahey, as Receiver for Agridime, LLC ("Plaintiff"), Defendant, Reid Schatzman ("Schatzman"), states as follows:

## I.

## PARTIES

1. Schatzman is an individual residing in Tulsa County, State of Oklahoma.

2. Plaintiff is the Court-appointed Receiver for Agridime LLC ("Agridime") in the case styled *SEC v. Agridime LLC, et al.*, N.D. Tex. Civil Action No. 4:23-1224-P. Plaintiff is a resident and citizen of the State of Texas.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court.

## III.
## FACTUAL ALLEGATIONS

4. Schatzman and Agridime are parties to that certain Sales Representative Agreement dated August 29, 2023 (the "Agreement"), pursuant to which Schatzman agreed to sell and promote the sale of Agridime's services in exchange for payment of a commission on such sales.

5. Between July 10, 2023 and December 8, 2023, Schatzman sold $5,319,000.00 worth of Agridime's services.

6. Agridime has not paid Schatzman commissions to which he is entitled in the amount of $265,950.00.

## IV.
## CAUSES OF ACTION

**A.   Count One: Breach of Contract**

7. Schatzman re-alleges and incorporates by reference the allegations contained in all foregoing paragraphs of these Counterclaims.

8. Under the Agreement, Agridime is required to pay Schatzman a commission on all sales of Agridime services.

9. Schatzman has fully performed his obligations under the Agreement.

10. Agridime has breached the Agreement by failing to pay Schatzman commissions owed.

11. As a result of Agridime's breach of the Agreement, Schatzman has been actually damaged in the amount of at least $265,950.00, excluding attorneys' fees, cost, and interest to which he may be entitled under applicable law.

**B.     Count Two: Unjust Enrichment/Quantum Meruit**

12. Schatzman re-alleges and incorporates by reference the allegations contained in all foregoing paragraphs of these Counterclaims.

13. Schatzman provided valuable services to Agridime as set forth herein.

14. Agridime received and accepted the benefit of Schatzman's services rendered.

15. Agridime has reasonable notice that Schatzman expected to be paid for his valuable services.

16. Schatzman has not received payment for his valuable services.

17. Agridime has been unjustly enriched in the amount of at least $265,950.00 at Schatzman's expense by receiving the benefit of Schatzman's services without paying him for same.

## V.
## CONDITIONS PRECEDENT

18. All conditions precedent to recovery have been excused, performed, or have occurred.

## VI.
## ATTORNEYS' FEES AND EXPENSES

19. Schatzman requests an award of reasonable and attorneys' fees, expenses, and court costs, pursuant to applicable laws, including but not limited to TEX. CIV. PRAC. & REM. CODE § 38.001.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant, Reid Schatzman, respectfully requests the Court:

A.  enter judgment in his favor and against Plaintiff, Stephen P. Fahey, as Receiver for Agridime, LLC, on all claims in an amount to be determined at trial, but believed to equal at least $265,950.00;

B.  award Schatzman his attorneys' fees and costs incurred in this matter; and

C.  award such other and further relief to Schatzman to which he may be entitled.

Dated: January 26, 2026

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*/s/ John T. Richer*
John T. Richer, Texas Bar No. 24068531
521 East 2nd St., Suite 1200
Tulsa, OK 74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: jricher@hallestill.com

**ATTORNEYS FOR DEFENDANT REID SCHATZMAN**

## **CERTIFICATE OF SERVICE**

  I, the undersigned, hereby certify that on the 26th day of January, 2026 a copy of the foregoing document was transmitted via the Court's CM/ECF system to:

Colin Patrick Benton
Brant C. Martin
David J Drez, III
Kyle Kennedy Weldon

                 */s/ John T. Richer*
                 John T. Richer