IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN P. FAHEY, AS RECEIVER FOR AGRIDIME, LLC, Plaintiff, | § § § § | |
| VS. | § § | Civ. Action No. 4:25-CV-1394 |
| TAYLOR BANG, SAM BROOKS, GLENN MURRAY, REID SCHATZMAN, AND JUSTIN WILLIAMS, Defendants. | § § § § § § | |

### DEFENDANT TAYLOR BANG'S ANSWER TO PLAINTIFF'S COMPLAINT

The defendant, Taylor Bang, through undersigned counsel, submits this answer to the plaintiff's complaint (ECF No. 1).

**Defendant's Response to Plaintiff's Complaint**

Defendant responds to Paragraphs 1 through 41 of plaintiff's complaint as follows:

**Paragraph 1**: Defendant admits that the Securities and Exchange Commission (SEC) filed its lawsuit against Agridime LLC, on December 11, 2023. Defendant denies that he engaged in any fraudulent offering of securities or any act that was knowingly part of a Ponzi scheme.

**Paragraph 2**: Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation, which concerns the alleged conduct of other sales representatives.

**Paragraph 3**: Defendant admits that he sold Cattle Contracts to certain customers and was paid commissions. Defendant lacks knowledge or information sufficient to form a belief about the truth about the remainder of this allegation, which concerns the alleged conduct of other sales representatives. Defendant denies that he ever intended to defraud anyone.

**Paragraph 4**: Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation, which concerns the alleged conduct of other sales representatives.

**Paragraphs 5 and 6**: Defendant admits these allegations.

**Paragraphs 7-10**: Defendant admits that his codefendants have those names and addresses, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of these allegations.

**Paragraphs 11-13 (Jurisdiction and Venue)**: Defendant admits that this Court possesses subject matter jurisdiction (i.e., the diversity of citizenship between the receiver, a Texas citizen, and the five defendants, who are citizens of states other than Texas) does not dispute venue at this juncture. However, Defendant Bang denies that personal jurisdiction exists over him (as discussed *infra* in "Lack of Personal Jurisdiction" section).

**Paragraphs 14-18**: Defendant admits the allegations set forth in these paragraphs.

**Paragraph 19**: Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**Paragraph 20**: Defendant admits that he advised his customers that their funds would be used to buy cattle for investment purposes. However, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of this allegation.

**Paragraph 21**: Defendant admits this allegation.

**Paragraph 22**: Defendant admits this allegation.

**Paragraph 23**: Defendant admits that he was paid commissions, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of this allegation.

**Paragraph 24**: Defendant denies that he engaged in any fraudulent conduct (or knowingly participated in a Ponzi scheme) or knowingly acted to conceal any fraudulent conduct. Defendant provided what he believed was legitimate service as a salesperson. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of this allegation.

**Paragraph 25**: Defendant objects to this purported "fact" on the ground that it is a legal argument.

**Paragraph 26**: Defendant incorporates his responses to the paragraphs of complainant incorporated in this paragraph.

**Paragraphs 27-30**: Defendant lacks knowledge or information sufficient to be able to respond to these allegations. Defendant denies that he engaged in any fraudulent offering of securities or any act that was knowingly part of a Ponzi scheme.

**Paragraph 31**: Defendant incorporates his responses to the paragraphs of complainant incorporated in this paragraph.

**Paragraphs 32-35**: Defendant lacks knowledge or information sufficient to be able to respond to these allegations. Defendant denies that he engaged in any fraudulent offering of securities or any act that was knowingly part of a Ponzi scheme.

**Paragraph 36**: Defendant incorporates his responses to the paragraphs of complainant incorporated in this paragraph.

**Paragraphs 37-40**: Defendant lacks knowledge or information sufficient to be able to respond to these allegations. Defendant denies that he engaged in any fraudulent offering of securities or any act that was knowingly part of a Ponzi scheme.

**Paragraph 41**: Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**Paragraph 42**: Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation concerning the Defendant.

## Lack of Personal Jurisdiction[1]

In its complaint, Plaintiff asserts that personal jurisdiction exists over Defendant Bang because, "under the Sales Representative Agreements with Agridime, the Sales Representative Defendants [including Defendant Bang] agreed to submit to the personal jurisdiction and venue of a court of subject matter jurisdiction located in Tarrant County, State of Texas." Complaint ¶ 13. Plaintiff's complaint – which alleges three claims for relief under Texas law pursuant to this Court's diversity jurisdiction – fails to allege facts that establish personal jurisdiction over Defendant Bang, a North Dakota resident who is not alleged to have engaged in any acts in the State of Texas related to the three claims in the complaint. The complaint (¶ 13) bases personal jurisdiction over Defendant Bang based on a "Sales Representative Agreement." Yet that agreement does not bestow personal jurisdiction because it envisioned personal jurisdiction and venue in Tarrant County, Texas, in a bona fide legal dispute between Agridime LLC and Defendant Bang. It did not envision personal jurisdiction over Defendant Bang in a legal dispute between a receiver appointed in an SEC lawsuit against Agridime – for the express purpose of recovering "receivership property" to "compensate victims of Agridime fraud."[2] *See also* Plaintiff's Complaint ¶ 4 (stating that the money that Plaintiff seeks to recover from Defendant Bang is intended to be distributed to the "claimants").

---

[1] A defendant may raise the defense of lack of personal jurisdiction in his answer. *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 281 (5th Cir. 1987).

[2] Receiver Steve Fahey's Motion for Leave to File Plaintiff's Original Complaint Against the Agridime Sales Representatives (No. 4:23-cv-01224-P, ECF No. 200), at 1-2; *see also* No. 4:23-cv-01224-P, ECF No. 204 (granting motion).

The receiver's lawsuit against Defendant Bang is qualitatively different from what the parties' Sales Representative Agreement envisioned in consenting to personal jurisdiction in Texas. Defendant Bang did not reasonably anticipate being haled into a court in Texas to defend against a receiver's lawsuit seeking to disgorge money intended to compensate third parties. Therefore, it would violate due process – by offending "traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) – to exercise personal jurisdiction over Defendant Bang in this diversity lawsuit. The due process violation would be exacerbated by applying Texas substantive law to alleged actions of Defendant Bang occurring outside of Texas with respect to non-Texas investors. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 264-66 (2017) (holding that a California trial court lacked personal jurisdiction over the defendant with respect to non-Californian plaintiffs' claims that did not have a sufficient relationship to California).

## Affirmative Defense

Defendant raises the following affirmative defense: Any monies that Defendant received in selling Cattle Contracts were received in good faith, without notice of fraud, and in exchange for valuable services provided by Defendant.

    Respectfully submitted,

    */s/ Dan L. Cogdell*
    Dan L. Cogdell
    Texas Bar # 04501500
    Cogdell Law Firm
    1000 Main St., Suite 2300
    Houston, TX 77002
    Telephone: 713 426 2244
    Email: dan@cogdell-law.com

    **Counsel for Defendant Taylor Bang**


**CERTIFICATE OF SERVICE**

On March 3, 2026, I served all counsel of record with a copy of the foregoing by filing it via CM/ECM, which emailed a copy to all counsel of record.

*/s/ Dan L. Cogdell*
Dan L. Cogdell