IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FILED**

**March 26, 2026**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

|  |  |  |
|---|---|---|
| STEPHEN P. FAHEY, AS RECEIVER FOR AGRIDIME, LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | Civil Action No. 4:25-CV-01394-P |
| TAYLOR BANG, SAM BROOKS, GLENN MURRAY, REID SCHATZMAN, AND JUSTIN WILLIAMS, | § § § § | |
| *Defendants*. | § § | |

**PLAINTIFF'S ANSWER TO DEFENDANT REID SCHATZMAN'S COUNTERCLAIMS**

Plaintiff Stephen P. Fahey, in his capacity as Court-appointed Receiver for Agridime, LLC ("Plaintiff"), files its Answer to the Counterclaims (the "Counterclaims") filed by Reid Schatzman ("Schatzman") and states as follows:

## I. PARTIES

1.      Plaintiff admits the allegations in Paragraph 1 of the Counterclaims.

2.      Plaintiff admits the allegations in Paragraph 2 of the Counterclaims.

## II. JURISDICTION AND VENUE

3.      Plaintiff admits the allegations in Paragraph 3 of the Counterclaims.

## III. FACTUAL ALLEGATIONS

4.      Plaintiff admits the allegations in Paragraph 4 of the Counterclaims.

5.      Plaintiff admits the allegation in Paragraph 5 of the Counterclaims that Schatzman sold Agridime's services, but currently lacks sufficient information to admit or deny the allegation as to the amount of those services.

---

6. Plaintiff denies the allegations in Paragraph 6 of the Counterclaims. As addressed in greater detail in Plaintiff's Original Complaint, any commissions paid to Schatzman or otherwise owed to Schatzman came from a fraudulent Ponzi scheme that were made solely for the purpose of concealing and perpetuating Agridime's fraudulent scheme. Such commissions were paid to the Schatzman and others from funds supplied by investors who bought the fraudulent contracts. Schatzman and the other sales representatives either performed no services in exchange for the commissions or performed only services that were in furtherance of the Ponzi scheme in exchange for the commissions. Any such commissions, therefore, are properly considered assets of the Receivership Estate.

## IV. <u>CAUSES OF ACTION</u>

**A.    Count One: Breach of Contract**

7. Plaintiff denies the allegations in Paragraph 7 of the Counterclaims.

8. Plaintiff denies the allegations in Paragraph 8 of the Counterclaims.

9. Plaintiff denies the allegations in Paragraph 9 of the Counterclaims.

10. Plaintiff denies the allegations in Paragraph 10 of the Counterclaims.

11. Plaintiff denies the allegations in Paragraph 11 of the Counterclaims. To the extent that Schatzman, who purportedly sold over $5 million in fraudulent investment contracts to unsuspecting victims, believes he has a claim against Agridime as an unsecured creditor, Plaintiff responds that he can bring such claim in the related Receivership case, *SEC v. Agridime LLC et al.*, Civil Action No. 4:23-cv-1224-P.

**B.    Count Two: Unjust Enrichment/Quantum Meruit**

12. Plaintiff denies the allegations in Paragraph 12 of the Counterclaims.

13. Plaintiff denies the allegations in Paragraph 13 of the Counterclaims.

14. Plaintiff denies the allegations in Paragraph 14 of the Counterclaims.

15. Plaintiff denies the allegations in Paragraph 15 of the Counterclaims.

16. Plaintiff denies the allegations in Paragraph 16 of the Counterclaims.

17. Plaintiff denies the allegations in Paragraph 17 of the Counterclaims. To the extent that Schatzman, who purportedly sold over $5 million in fraudulent investment contracts to unsuspecting victims, believes he has a claim against Agridime as an unsecured creditor, Plaintiff responds that he can bring such claim in the related Receivership case, *SEC v. Agridime LLC et al.*, Civil Action No. 4:23-cv-1224-P.

## V. <u>CONDITIONS PRECEDENT</u>

18. Plaintiff denies the allegations in Paragraph 18 of the Counterclaims.

## VI. <u>ATTORNEYS' FEES AND EXPENSES</u>

19. Plaintiff denies the allegations in Paragraph 18 of the Counterclaims.

## VII. <u>CONCLUSION</u>

Plaintiff requests that the Court enter judgment providing that Schatzman take nothing by way of his claims and the Court enter a judgment in its favor and against Schatzman for the following:

(1) Costs of suit;

(2) Attorneys' Fees and other recoverable expenses; and

(3) All other relief to which he may show himself entitled at law or in equity.

---

Dated: March 25, 2026.    Respectfully submitted,

/s/ Colin P. Benton
Brant C. Martin
State Bar No. 24002529
brant.martin@wickphillips.com
David J. Drez III
State Bar No. 24007127
david.drez@wickphillips.com
Colin P. Benton
State Bar No. 24095523
colin.benton@wickphillips.com
Kyle K. Weldon
State Bar No. 24097192
kyle.weldon@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone:    (817) 332-7788
Fax:    (817) 332-7789

**ATTORNEYS FOR STEVE FAHEY, IN HIS
CAPACITY AS COURT-APPOINTED
RECEIVER FOR AGRIDIME LLC**

## CERTIFICATE OF SERVICE

This is to certify that on March 25, 2026, a true and correct copy of the foregoing document was filed and served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the CM/ECF filing system.

/s/ Colin P. Benton
Colin P. Benton